UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

CIVIL ACTION NO: 4:19-CV-193-JHM

LARRY R. RICHARDS )
)
)
**Plaintiff,** )
)
v. )
)
)
) *Filed Electronically*
LIBERTY LIFE ASSURANCE COMPANY )
OF BOSTON )
   Serve: Corporation Service Co. )
         84 State Street )
         Boston, MA 02109 )
)
)
**Defendant.** )

## COMPLAINT

Comes now the Plaintiff, Larry Ray Richards, by and through counsel, Wilkey & Wilson, PSC, for his Complaint in the captioned action, hereby states and alleges as follows:

### PARTIES, JURISDICTION, & VENUE

1. The Plaintiff, Larry Richards, is a citizen and resident of the Commonwealth of Kentucky.

2. Mizcan America, Inc. ("Mizcan") is an Illinois corporation authorized to transact business in the Commonwealth of Kentucky.

3. Defendant Mizkan America, Inc. Long Term Disability Plan (the "Plan") is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. §§ 1001 to 1461. The Plan is sponsored by Mizkan for the benefit of certain of its employees.

4. Defendant Liberty Life Assurance Company of Boston ("Liberty") is Massachusetts corporation authorized to transact business in the Commonwealth of Kentucky. Liberty insures benefits under the Plan, and is authorized and required to determine claims for benefits under the Plan.

5. Because this action arises under ERISA, this Court has original subject matter jurisdiction pursuant to 29 U.S.C.A. § 1132(e) and 28 U.S.C.A. § 1331.

6. Venue is proper in this District because certain breaches of the Plan, as set forth below, took place in this District, because Plan benefits were denied to Plaintiff, and because Plaintiff received and subsequently was denied Plan benefits in this District.

## COMPLAINT

7. The Plaintiff was an employee of Mizkan on or about June 30, 2016, at which time he claimed an absence due to cardiac conditions and associated symptoms.

8. On or about July 16, 2016, the Plaintiff underwent surgery necessitated by the above-referenced cardiac conditions.

9. Subsequently, the Plaintiff was eligible and did receive disability payments through the Plan.

10. On or about February 13, 2017, the Plaintiff was denied disability benefits through the Social Security Administration.

11. On or about October 20, 2018, the Plaintiff was awarded disability benefits though the Social Security Administration following an appeal of the above-referenced denial.

12. On or about October 31, 2018, Liberty began the process of re-assessing the Plaintiff eligibility for disability benefits through the Plan.

13. On or about December 4, 2018, Liberty informed the Plaintiff that he was no longer eligible to receive disability benefits through the Plan, and payments would cease beyond December 28, 2018.

14. Despite no improvement in his cardiac condition, Liberty determined the Plaintiff's ability to engage in employment had improved to the minimal extent necessary to discontinue disability payments.

15. Liberty's denial of continued disability payments to the Plaintiff is a result, at least in part, of the conflict between Liberty's fiduciary obligations to plan participants when determining claims under the Plan, and its interest in maximizing its own profitability.
16. Liberty's denial of continued disability payments to the Plaintiff is contrary to the terms of the Plan and contrary to the evidence and information submitted to Liberty. Denial of continued payments to the Plaintiff is therefore wrongful.
17. Plaintiff has incurred and will continue to incur attorneys' fees, costs and expenses in bringing and prosecuting this action. Plaintiff is entitled to an award for such attorneys' fees, costs and expenses pursuant to 29 U.S.C.A. § 1132(g).

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor, and against Defendants, as follows:

(a) By entering judgment requiring Liberty to pay all benefits due under the Plan, commencing with the day the benefits were ceased and continuing through the date of judgment;

(b) By awarding to Plaintiff attorneys' fees, cost and expenses provided under 29 U.S.C.A. § 1132(g); and

(c) By awarding such other and further relief as is just and proper.

Respectfully submitted,

/s/ Steven Wilson
STEVEN D. WILSON
Jonathon Coomes
Wilkey & Wilson, PSC
111 West Second Street
Owensboro, KY 42303
(270) 685-6000
swilson@wilkeylaw.com